IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| | § | |
| CARL JOSEPH BREAUX, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-04-548 |
| | § | |
| PSC-INDUSTRIAL SERVICES GROUP, | § | |
| INC., KERR-MCGEE OIL & GAS | § | |
| CORPORATION, KERR-MCGEE | § | |
| CORPORATION and SONTHEIMER | § | |
| OFFSHORE CATERING COMPANY | § | |
| D/B/A/ SONOCO, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**ORDER DENYING DEFENDANT SONOCO'S MOTION TO TRANSFER VENUE**

This suit arises out of injuries allegedly sustained by Carl Joseph Breaux ("Plaintiff") while

working aboard a platform in the Gulf of Mexico.  Now before the Court is the Motion to Transfer

Venue by Sonoco.  For the following reasons, Sonoco's Motion is respectfully DENIED.

**I.  Background**

Plaintiff was employed by PSC-Industrial Services Group, Inc. ("PSC").  He alleges that he

was injured on August 4, 2004 while working aboard the NANSEN, a platform in the Gulf of

Mexico off the coast of Galveston, when a Sonoco employee dropped a duffel bag on his head from

a balcony.  Sonoco now moves to transfer this case to the Western District of Louisiana.

**II.  Legal Standard**

The federal venue transfer statute provides: "For the convenience of parties and witnesses,

in the interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought."   28 U.S.C. § 1404(a).   The movant bears the burden of

demonstrating to the Court that it should transfer the case.  *See Peteet v. Dow Chem. Co.*, 868 F.2d

1428, 1436 (5th Cir. 1989)  (requiring the movant to make a showing that the forum sought is more

convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the

plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the

forum should be changed.").   In determining whether a venue transfer is warranted, the Court

considers the availability and convenience of witnesses and parties; the cost of obtaining attendance

of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books

and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of

forum, which is generally entitled to great deference.[1]  *See, e.g.*, *Henderson v. AT&T Corp.*, 918 F.

Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D.

Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395-96 (S.D.

Tex. 1992).   The decision to transfer a case lies within the sound discretion of the Court, and such

determinations are reviewed under an abuse of discretion standard.  *See Peteet*, 868 F.2d at 1436.

## III.  Analysis

*A.  Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors"

in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998)

(citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure*

---

[1]Although Plaintiff, like many parties before this Court, continues to evaluate the location
of counsel as a factor, the Fifth Circuit has held and this Court has repeated many times that the
location of counsel is not an appropriate factor for consideration in the § 1404 analysis. *See In re
Horseshoe Entertainment*, 305 F.3d 354, 358 (5th Cir. 2002); *Walter Oil & Gas Corp. v. Teekay
Shipping*, 270 F. Supp. 2d 855, 860 n.6 (S.D. Tex. 2003).

§ 3851, at 415 (1986)).  To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their likely testimony.  *See id.* (citing *Dupre*, 810 F. Supp. at 825).

Sonoco states that it had three employees working on the NANSEN on the day of the accident.  The only one still employed by Sonoco lives in Baton Rouge; the other two live in Mandeville, Louisiana and in Mississippi.  Plaintiff's supervisor, who is apparently still employed by PSC, lives in Lafayette.  The one Kerr-McGee employee who may have witnessed the accident lives in Creole, Louisiana (more than 100 miles from the courthouse in Lafayette).  The Kerr-McGee Defendants have listed eight other employees who were on the platform who live in Louisiana and two who live in Texas, but Sonoco has not given any description of what testimony these people might provide.  Plaintiff points out that the Kerr-McGee Defendants have their headquarters in Houston, so Galveston would be much more convenient than Lafayette for any witnesses coming from those offices.

Plaintiff saw an unnamed company doctor in Sulfur, Louisiana; Dr. Jesus Perez in New Iberia; and Dr. Zoran Cupic in Houston for treatment and examination following his alleged accident.  Plaintiff also used occupational medicine services in Lafayette and rehabilitation services in New Iberia.  Finally, Plaintiff has retained Houston-area expert witnesses Dr. Ken McCoin and Joe Kramberg.

Sonoco has not demonstrated that transfer to the Western District of Louisiana would increase the availability and convenience of the non-employee witnesses.  *See Lajaunie v. L & M Bo-Truc Rental, Inc.*, 261 F. Supp. 2d 751, 754 (S.D. Tex. 2003) (holding that defendants can compel the attendance of their employees at trial).  While holding trial in Lafayette might be more

convenient for some witnesses, it is certainly not more convenient for all of them.  Also, Sonoco has

not outlined the testimony of the potential witnesses, so the Court has no way to determine which

witnesses' availability will be most important.  This factor weighs against transfer.

### B.  Location of Books and Records

The location of books and records is generally of little importance in a personal injury case.

Sonoco has not given the Court any indication that the records located in Louisiana are so

voluminous as to cause it or the other Defendants to incur substantial cost in transporting them to

this Court.  *See LeBouef*, 20 F.Supp.2d at 1060 ("The Court finds little inconvenience inherent in

bringing, if necessary, those records to Galveston [from Louisiana].").  This factor weighs neither

for nor against transfer.

### C.  Potential for Delay

This case is set for trial on September 26, 2005.  Plaintiff contends that transfer would delay

trial for at least one year.  The Court agrees with Plaintiff that transferring a case less than three

months before a firm trial setting inevitably causes significant delay.  Sonoco has given no indication

that it could not have filed this Motion much earlier in the trial process.  This factor weighs against

transfer.

### D.  Plaintiff's Choice of Forum

Sonoco acknowledges that Plaintiff's choice of forum is generally entitled to great deference,

but it maintains that the choice of forum is entitled to less deference when the plaintiff does not live

in the forum.  *See, e.g.*, *Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997)

(finding that a Mississippi plaintiff's choice of the Southern District of Texas was entitled to little

or no deference where the case had no connection to the forum).  Plaintiff lives in New Iberia,

Louisiana.  However, this case does have some other connections to this District, such as the residence of several witnesses, the location of the accident, and the location of the Kerr-McGee Defendants' principal place of business.  Therefore, Plaintiff's choice is still entitled to some deference.  This factor weighs against transfer.

*E.  Place of the Alleged Wrong*

Plaintiff alleges that the accident happened 130 miles off the coast of Texas.  This factor weighs heavily against transfer because the citizens of the Southern District of Texas have a strong interest in the health and safety of those working offshore of Texas.  While an accident that occurred 130 miles off the coast may not have as strong a connection to this District as one that occurred on land or just off the coast, the connection to this District is nonetheless stronger than the connection to Louisiana.

**IV.    Conclusion**

Sonoco has not met its burden of showing that the § 1404 factors favor transfer.  Therefore, Sonoco's Motion to Transfer Venue to the Western District of Louisiana is respectfully **DENIED**. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 11th day of July, 2005, at Galveston, Texas.

Samuel B. Kent
United States District Judge